IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK KERNEY WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-847-W |
| | ) | |
| OKLA. COUNTY SHERIFF'S OFFICE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION CONCERNING**
**CLAIMS AGAINST THE NORTH CAROLINA DEFENDANTS**

Mr. Mark Weaver alleges improper medical care at the federal medical center in Butner, North Carolina.  Among the three defendants are Dr. Ralph Newman, Mr. Edward Landis, and FMC Butner, N.C.  They move for dismissal, and the Court should grant their motion.

I.      FMC Butner, N.C. - Subject Matter Jurisdiction

As a federal agency, FMC Butner, N.C. enjoys sovereign immunity in the absence of waiver.  *See Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (citations omitted)).  FMC Butner, N.C. has invoked the immunity, and the Plaintiff has not pointed to anything which could constitute an implied waiver.  Thus, FMC Butner, N.C. is entitled to dismissal based on a lack of subject-matter jurisdiction.

II.    Dr. Newman and Mr. Landis - Personal Jurisdiction

Sued in their individual capacities,[1] Dr. Newman and Mr. Landis contend that personal jurisdiction is absent. They are correct.

The Plaintiff bears a threshold burden to make a *prima facie* showing of personal jurisdiction. *See Cory v. Aztec Steel Building, Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006) ("Where . . . a dismissal is entered without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." (citation omitted)), *cert. denied*, __ U.S. __, 127 S. Ct. 2134 (2007). The Plaintiff can meet this burden by presenting facts that, if true, would reflect personal jurisdiction. *See Melea Limited v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). In assessing the sufficiency of the Plaintiff's submission, the Court must assume the truth of his allegations if they are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). If factual disputes remain, they are resolved in favor of the Plaintiff. *See Cory v. Aztec Steel Building, Inc.*, 468 F.3d at 1229 (stating that on a motion to dismiss based on a lack of personal jurisdiction, factual disputes are resolved in favor of the plaintiff).

---

[1]    The Plaintiff does not state whether he is suing Dr. Newman and Mr. Landis in their personal or official capacities. In the complaint, Mr. Weaver seeks only money damages and attorney fees. Prisoner's Civil Rights Complaint at p. 4 (July 30, 2007) ("Complaint"). In this situation, the Tenth Circuit Court of Appeals has interpreted the claim as one in the officers' personal capacity. *See Lee v. Waters*, 172 F.3d 62, 1999 WL 49149, Westlaw op. at 2 n.3 (10th Cir. Feb. 4, 1999) (unpublished op.) ("Because Mr. Lee seeks only monetary relief, we interpret his claims as asserted against the defendants in their individual capacities.").

The Absence of Personal Jurisdiction

To determine whether a federal court has personal jurisdiction over a defendant, the Court must consider whether:

- the applicable statute potentially confers jurisdiction and

- the exercise of jurisdiction comports with the requirement of due process.

*See Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).

"Oklahoma's long arm statute" is consistent with the Due Process Clause. *Williams v. Bowman Livestock Equipment Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991). Thus, "if jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant." *Id.*

The Fourteenth Amendment's Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist 'minimum contacts' between the defendant and the forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citation omitted). This jurisdiction may be general or specific. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

General jurisdiction would exist if the North Carolina defendants' contacts with Oklahoma have been "continuous and systematic." *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001). But Mr. Weaver does not allege any facts suggesting "continuous and systematic" contacts between Ralph Newman or Edward Landis and the State of Oklahoma. *See* Complaint at pp. 7-8. Thus, general jurisdiction is absent.

Specific jurisdiction may exist if the North Carolina defendants had purposefully directed their activities at an Oklahoma resident and the cause of action had arisen out of or related to these actions. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). The standard is met only if the defendant had "purposefully avail[ed] [himself] of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo v. Williams*, 465 F.3d 1210, 1219 (10th Cir. 2006) (citation omitted; emphasis in original).

Mr. Weaver's allegations do not suggest that Defendant Newman or Landis had purposefully directed any activities within Oklahoma. The Plaintiff describes himself as a resident of Kansas[2] and states that the medical treatment at issue had taken place in Kansas.[3] Consequently, specific jurisdiction is absent for Dr. Newman and Mr. Landis.

With the lack of personal jurisdiction, the Court must decide whether to dismiss the claims against the two men or transfer the action "in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006); *see* 28 U.S.C. § 1631 (2000) (authorizing transfer in "the interest of justice" when the court lacks jurisdiction). The pertinent considerations are whether:

- a new action in the appropriate forum would be time barred,

- the claims would likely have merit, and

---

[2]     *See* Complaint at p. 1.

[3]     *See* Complaint at pp. 7-8.

- Mr. Weaver should have realized that Oklahoma was an improper forum. *See Trujillo v. Williams*, 465 F.3d at 1223 n.16.  These factors should lead to dismissal rather than transfer.

First, Mr. Weaver claims that he was improperly medicated between April and August 2006.  Complaint at p. 6; *see also id.* at p. 7 (stating that Ralph Newman had caused injury "by giving Zyprexa on 04-12-06 to 07-01-06").  In North Carolina, the limitations period for a *Bivens* claim is three years.[4]  *See National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161-62 (4th Cir. 1991).  Thus, dismissal would leave Mr. Weaver with approximately sixteen months to file a new suit against the North Carolina defendants in an appropriate forum.

The second factor is that the claims against the North Carolina defendants probably lack merit.[5]  Mr. Weaver's allegations against Defendants Newman and Landis suggest only medical negligence, which would be insufficient to create civil liability under *Bivens*.[6]

---

[4]  "A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted).

[5]  The Plaintiff's whereabouts are unknown.  *See* Docket Entry Nos. 44 & 46.  Thus, even if the claims were meritorious, Mr. Weaver could not successfully prosecute the action in North Carolina until he disclosed his current address.  *See Woltz v. Chater*, 74 F.3d 1235, 1996 WL 23314 (4th Cir. Jan. 23, 1996) (*per curiam*; unpublished op.) (upholding dismissal based on the plaintiff's failure to keep the district court informed of a change in address); *see also* Local Civil Rule 83.3, EDNC (stating in part that a *pro se* party must notify the court within ten days of any change in address).

[6]  *See Jackson v. Clowers*, 83 Fed. Appx. 990, 993 (10th Cir. Dec. 30, 2003) (unpublished op.) (holding that allegedly inadequate treatment of a federal prisoner's skin condition could not support liability under *Bivens*); *see also Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (factual allegations of mere negligence were insufficient to state a *Bivens* claim), *overruled*

Third, even though Mr. Weaver is *pro se*, he should have realized that the Western District of Oklahoma was the wrong place to sue North Carolina defendants without any known connection to Oklahoma. *See*, *e.g.*, *Keaveney v. Larimer*, 242 F.3d 389, 2000 WL 1853994, Westlaw op. at 2 (10th Cir. Dec. 19, 2000) (unpublished op.) (upholding the district court's decision to order dismissal, in lieu of transfer, because the *pro se* plaintiff should have realized that he had chosen an improper forum).

Personal jurisdiction is absent for Dr. Newman and Mr. Landis, and the Court should order dismissal.

III.   <u>Dismissal With or Without Prejudice</u>

Because the suggested rulings would rest on jurisdictional grounds, the dismissal should be without prejudice.[7]

Mr. Weaver has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is April 9, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report and recommendation would waive the Plaintiff's right to appellate

---

*in part on other grounds*, *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007).

[7]    "[A] jurisdictional defect calls for a dismissal without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

1991).

      The referral is terminated.

      Entered this 20th day of March, 2008.


Robert E. Bacharach
United States Magistrate Judge